UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| D.L., a minor by and through his parents, K.L. and I.L.,<br><br>Plaintiff,<br><br>vs.<br><br>SHORELINE UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No: C 09-4753 SBA<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND GRANTING REQUEST FOR AN ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

On October 6, 2009, Plaintiff D.L., a minor, by and through his parents K.L. and I.L. (Parents), filed a Complaint under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et. seq.*, against Defendant Shoreline Unified School District (District). The instant action arises from a dispute over an Individualized Education Plan (IEP) prepared for the minor by the District, pursuant to the IDEA, in 2005. Dissatisfied with the IEP, Parents enrolled the minor at a private school, Marin Waldorf School (Marin Waldorf), in September 2003. Though the minor attended Marin Waldorf from 2003 to 2009, the school refused to reenroll the minor for the 2009-2010 school year.

In the meantime, Parents filed for a due process hearing, claiming that the District failed to provide the minor with a free and appropriate education (FAPE), as required by the IDEA. On August 3, 2009, the Administrative Law Judge (ALJ) who presided over the hearing concluded that the IEP was defective and that the District had failed to provide the minor with a FAPE. However, the ALJ allegedly did not issue a placement order, and instead, ordered a series of IEP meetings. Because of the lack of a placement order by the ALJ, Parents enrolled the minor at STAR Academy, where they have had to personally pay for their child's tuition and travel expenses. Plaintiff thus filed this lawsuit to seek judicial review of the ALJ's ruling.

1  On March 1, 2010, Plaintiff filed an Ex Parte Application for Temporary Restraining
2  Order to Enforce Stay Put During Pendency of Litigation (Application for TRO).  (Docket 19.)
3  In the Memorandum of Points and Authorities submitted in support of his Application for TRO
4  (Docket 20), Plaintiff states that "[he] is seeking a temporary restraining order ('TRO')
5  ordering Defendant school district to pay for D.L.'s placement at STAR Academy from the
6  date of the administrative decision on 8/3/09 until a final resolution of this matter."  (Docket 20
7  at 4.)[1]

8  A TRO under Federal Rule of Civil Procedure 65 is an extraordinary remedy that is
9  generally reserved for emergency situations in which a party may suffer immediate irreparable
10 harm.  See Whirlpool Corp. v. Marshall, 445 U.S. 1, 20 n.33 (1980) (temporary restraining
11 orders used for "emergency situations"); c.f., Oakland Tribune, Inc. v. Chronicle Pub. Co., 762
12 F.2d 1374, 1377 (9th Cir. 1985) (delay in seeking injunctive weighs against a finding of
13 urgency).  No such emergency is evident in this action.  Plaintiff has been aware of the ALJ's
14 ruling and the cost associated with placement at STAR Academy since August 2009.  Yet,
15 Plaintiff waited for months to bring the instant Application for TRO to *immediately* require the
16 District to pay for his tuition and travel expenses.  Given such delay, the Court, in its
17 discretion, concludes that Plaintiff has not demonstrated that a sufficient exigency exists to
18 justify imposition of a TRO.  Rather, this matter is more appropriately heard in the context of
19 Plaintiff's request for a preliminary injunction.  Accordingly,

20  IT IS HEREBY ORDERED THAT Plaintiff's Ex Parte Application for Temporary
21 Restraining Order to Enforce Stay Put During Pendency of Litigation is DENIED.  Plaintiff's
22 request for an order to show cause why a preliminary injunction should not issue is
23 GRANTED.  By no later than March 23, 2010, Defendant shall file its response to Plaintiff's

---

[1] Plaintiff's request is inherently inconsistent.  Under Federal Rule of Civil Procedure 65(b)(2), the maximum duration of a TRO is 14 days.  In contrast, a preliminary injunction "remains in effect until final resolution of a case."  Schwarzer, Tashima & Wagstaffe, Fed.Civ.P. Before Trial § 13.190.10 at 13-92 (TRG 2008).  In light of Plaintiff's request for the imposition of an injunction until "final resolution of this matter," it is apparent that Plaintiff incorrectly styled her request as an Application for TRO as opposed to a motion for preliminary injunction.

1 request for a preliminary injunction.  The failure to file a timely response may be construed by
2 the Court as a consent to the imposition of the proposed preliminary injunction.  Plaintiff's
3 reply in support of its request for preliminary injunction shall be filed by no later than March
4 30, 2010.  The hearing on the motion will take place on **April 20, 2010 at 1:00 p.m.** in
5 Courtroom 1 of the United States District Court, 1301 Clay St., Oakland, California.  The
6 parties are advised that, pursuant to Federal Rule of Civil Procedure 78(b), the Court may, in its
7 discretion, adjudicate the motion for preliminary injunction without oral argument.  The parties
8 are advised to check the Court's website to determine whether an appearance on the motion is
9 required.  This Order terminates Docket No. 19.

10     IT IS SO ORDERED.

11 Dated: March 16, 2010

12 _____
SAUNDRA BROWN ARMSTRONG
United States District Judge