UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| D.L., a minor by and through his parents, K.L. and I.L.,<br><br>Plaintiff,<br><br>vs.<br><br>SHORELINE UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No: C 09-4753 SBA<br><br>**ORDER ON SUPPLEMENTAL BRIEFING** |

On October 6, 2009, Plaintiff D.L. ("Plaintiff"), a minor, by and through his parents K.L. and I.L., filed a Complaint under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et. seq.*, against Defendant Shoreline Unified School District ("Defendant"). The instant action arises from a dispute over an Individualized Education Plan prepared for Plaintiff by Defendant in 2005 pursuant to the IDEA.

On March 1, 2010, Plaintiff filed an Ex Parte Application for Temporary Restraining Order to Enforce Stay Put During Pendency of Litigation ("Application for TRO"). (Docket 19.) Plaintiff seeks to have Defendant pay for his placement at a private academy from August 3, 2009, the date of an underlying administrative decision, until a final resolution of this matter. On March 17, 2010, this Court denied Plaintiff's Application for a TRO because, *inter alia*, Plaintiff failed to demonstrate that a sufficient exigency existed to justify the imposition of a TRO. (Docket No. 24.) The Court, however, granted Plaintiff's request for an order to show cause why a preliminary injunction should not issue. The Court ordered Defendant to file its response to Plaintiff's request for a preliminary injunction and Plaintiff to file a reply, by March 23, 2010, and March 30, 2010, respectively.

On April 5, 2010, after the close of briefing on the preliminary injunction motion, the Ninth Circuit issued its decision in <u>N.D. ex rel. parents acting as guardians ad litem v. Hawaii Dept. Of Educ.</u>, --- F.3d ---, 2010 WL 1268235 (9th Cir. April 5, 2010). <u>N.D.</u> is significant because it holds that a motion for a preliminary injunction seeking to enforce rights under the IDEA stay-put provision must be analyzed under the traditional balancing test applicable to motions for preliminary injunctions, and *not* the IDEA stay-put's automatic injunction. <u>Id.</u> at *5 ("The district court did not err in considering all factors of the preliminary injunction test.")

In their respective briefs, neither party discusses Plaintiff's request for preliminary injunctive relief under the IDEA in accordance with the applicable legal standard for a motion for preliminary injunction as set forth by the Supreme Court in <u>Winter v. Natural Res. Def. Council, Inc.</u>, --- U.S. ----, 129 S.Ct. 365, 374 (2008). <u>See</u> <u>Sierra Forest Legacy v. Rey</u>, 577 F.3d 1015, 1021(9th Cir. 2009) (citing <u>Winter</u>, 129 S.Ct. at 374).

Accordingly,

IT IS HEREBY ORDERED THAT both parties are to submit supplemental memorandums, not to exceed 7 pages, by May 7, 2010, setting forth their arguments within the proper legal framework for a motion for a preliminary injunction.

IT IS SO ORDERED.

Dated:  May 3, 2010

_____
Honorable Saundra B. Armstrong